UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

RAMSEY ACEVEDO,

Defendant.
-----------------------------------------------------------X

**OPINION AND ORDER**

7:11-cr-00063 (PMH)

PHILIP M. HALPERN, United States District Judge:

Pending presently before the Court is Ramsey Acevedo's letter requesting a modification of his restitution payment schedule. (Doc. 148). For the reasons set forth below, Mr. Acevedo's application to modify his restitution payment schedule is DENIED.

**BACKGROUND**

By judgment entered June 27, 2013, the Honorable Warren W. Eginton sentenced Mr. Acevedo to 124 months' imprisonment, three years of supervised release, and ordered him to pay a special assessment of $200 and restitution in the amount of $382,074.91. (Doc. 95). The Court further ordered that Mr. Acevedo pay the restitution at a rate of 10% of his gross monthly income commencing thirty days from his release from prison. (Doc. 95).

On May 22, 2020, Mr. Acevedo commenced his term of supervised release. On May 21, 2023, Mr. Acevedo's term of supervised release ended. Mr. Acevedo's current restitution balance is $380,497.19. Mr. Acevedo last made a payment of $75 in May 2024. (Doc. 149).

On May 6, 2021, this matter was reassigned to this Court pursuant to Rule 17, Local Rules for the Division of Business. (Doc. 146). By letter dated October 28, 2024, Mr. Acevedo requested that the Court modify his restitution payment schedule. (Doc. 148). The Government,

at the Court's direction, filed a response to Mr. Acevedo's request on November 12, 2023. (Doc. 149).

## ANALYSIS

"The Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, is one of several federal statutes empowering courts to impose restitution obligations on criminal defendants." *United States v. Thompson*, 792 F.3d 273, 277 (2d Cir. 2015). The MVRA provides that criminal restitution orders may be enforced against "all property or rights to property . . . [n]otwithstanding any other Federal law." 18 U.S.C. §§ 3613(a), 3664(m)(1)(A); *see also United States v. Jaffe*, 417 F.3d 259, 265-66 (2d Cir. 2005). Under 18 U.S.C. § 3613(a), the government has the power to enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances . . . ." *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). A court may adjust a restitution payment schedule, as opposed to the restitution amount, based on "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *United States v. Gorrick*, No. 08-cr-1000, 2023 U.S. Dist. LEXIS 94209, at *2 (S.D.N.Y. May 30, 2023) (quoting *United States v. Teeple*, No. 13-cr-339, 2016 U.S. Dist. LEXIS 46038, at *3 (S.D.N.Y. Apr. 5, 2016)). "A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). "Where the defendant fails to demonstrate, with the appropriate supporting documentation, a material change in financial circumstances since the time of sentencing, the court will not modify

the current payment schedule." *United States v. Gorrick*, 2023 U.S. Dist. LEXIS 94209, at *2 (citing cases).

Mr. Acevedo cites no specific change in his economic circumstances since the time of his sentencing that causes his inability to meet his current payment schedule. Although Mr. Acevedo notes that he has not had steady employment since July 2024, his daughter is attending Morgan State University, and he generally is experiencing significant financial challenges, he does not provide any specific factual support with supporting documentation for his claim of financial hardship sufficient for the Court to modify his restitution payment schedule. Moreover, the Government states that Mr. Acevedo has not completed a financial statement form, along with corroborating documentation, showing his assets and liabilities. (Doc. 149).

## CONCLUSION

Since Mr. Acevedo fails to demonstrate, with the appropriate supporting documentation, a material change in financial circumstances since the time of sentencing, the Court will not modify the current payment schedule. Therefore, Mr. Acevedo's request to modify his restitution payment schedule (Doc. 148) is DENIED. The Court directs Mr. Acevedo to complete the financial statement form provided by the Government, along with corroborating documentation showing his assets and liabilities, by December 20, 2024.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to Ramsey Acevedo, 40 Memorial Highway, 26f, New Rochelle, New York 10801.

**SO ORDERED.**

Dated: White Plains, New York
November 22, 2024

_____
Philip M. Halpern
United States District Judge